

Honorable Bruce T. Beesley
United States Bankruptcy Judge

Entered on Docket
September 19, 2016

Jeffrey L. Hartman, Esq., #1607
**HARTMAN & HARTMAN**
510 West Plumb Lane, Suite B
Reno, Nevada 89509
Telephone: 775.324.2800
Fax: 775-324-1818
notices@bankruptcyreno.com

E-Lodged 9/15/16

Attorney for Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | CASE NO. 16-50850-BTB<br>CHAPTER 11 |
| LEAP FORWARD GAMING, INC., | |
| Debtor-in-Possession. | **ORDER AUTHORIZING SALE OF PERSONAL PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES, AND APPROVING SETTLEMENT AND COMPROMISE OF DISPUTED CLAIMS**<br><br>**Hearing Date: September 6, 2016<br>Hearing Time: 2:00 p.m.** |
| _____/ | |

The matter came before the Court on the Motion by Debtor in Possession, Leap Forward Gaming, Inc., ("LFG") for an Order Authorizing The Sale Of Personal Property Free And Clear Of Liens And Encumbrances, and Approving Settlement And Compromise Of Disputed Claims ("Sale Motion"). Jeffrey Hartman appeared on behalf of LFG; Amy Tirre appeared in person and Sam Newman appeared via telephone on behalf of Macquarie US Trading, LLC, as Prepetition Agent for lender MIHI, LLC; Robert Charles also appeared via telephone on behalf of IGT.

William B. Cossitt appeared on behalf of the United States Trustee. Mr. Cossitt waived signature.

The Court has considered the Motion, **DE 10,** together with supporting Declaration of Darby Bryant, **DE12,** and other papers filed in support of, or in opposition to, the Sale Motion. In addition the Court has considered the arguments of counsel as reflected in the record. Finally, as permitted by F.R. Evid. 201, the Court takes judicial notice of the papers on file in this case. Having considered the record in its entirety, the Court stated its findings of fact and conclusions of law on the record in lieu of written findings of fact and conclusions of law as permitted by F.R.Civ.P. 52, incorporated and made applicable to this proceeding by F.R.Bankr.P. 7052 and 9014(c). In addition, the Court makes the following written findings of fact and conclusions of law:

1. Notice of hearing on this Sale Motion was proper, having been provided in compliance with § 363(b) and (f), F.R.Bankr.P. 2002(a)(2), (c)(1), (i) and (k), 6004, 9014(b), 9019(a) and LR 6004(b);

2. The Court has jurisdiction over this case and this proceeding by reason of 28 U.S. C. § 157(a) and 1334. This is a core proceeding by reason of 28 U.S. C. § 157(b)(2)(A), (M) and (O). All parties have expressly or implicitly consented to this Court's entry of a final order;

3. The Sale Motion includes two, intertwined requests for relief. If approved, the sale transaction, the specific terms of which are set forth in the Asset Purchase Agreement ("APA") in the form attached to this Order as **Exhibit A,** includes the resolution of disputed litigation and the transfer of substantially all of the assets of LFG to International Game Technology ("IGT") in exchange for the consideration as described in the Sale Motion and the APA;

4. Based upon the record, the Court finds and concludes that LFG, in its capacity as

2

Debtor in Possession, has properly exercised its business judgment in asking the Court for authorization to consummate the transaction described in the APA;

5. Based upon the record, the Court finds and concludes that secured lender MIHI has consented to the sale free and clear of its liens and that the sale may be completed by reason of § 363(f)(2);

6. Based upon the record, the Court finds and concludes that the proposed settlement incorporated into the Sale Motion and the APA satisfies the test set forth in *In re A & C Properties*, *Inc*., 784 F.2d 1377, 1381 (9th Cir. 1986);

7. Based upon the record, the Court finds and concludes that the APA was negotiated, proposed and entered into by LFG and IGT without collusion, in good faith, and from arms-length bargaining positions.  Neither LFG nor IGT have engaged in any conduct that would cause or permit this Order or the sale by LFG to be avoided under 11 U.S.C. § 363(n).  IGT is a good faith purchaser for value, entitled to the safe harbor provisions of § 363(m);

8. Based upon the record, the Court finds and concludes that, consistent with the holding in *Village Builders 96 v. U.S. Laboratories, Inc.*, 121 Nev. 261, 268-269 (2005), IGT has no successor liability as a result of consummating the terms of the APA;

Accordingly, and for good cause appearing,

**IT IS ORDERED** that:

1. The Sale Motion be, and the same hereby is, granted, and the Debtor is authorized to close the sale in accordance with the APA which closing shall be deemed to be concurrent with confirmation of the Debtor's Plan of Liquidation with closing to occur not later than 15 business days after entry of this Order on the docket unless otherwise agreed to, in writing, by the Debtor and IGT.

2. The sale of assets pursuant to the APA shall be free and clear of any and all

liens, claims and encumbrances pursuant to 11 U.S.C. § 363(b) and (f).

3. The lien of MIHI will attach to the proceeds of the sale pending further order of the Court.

4. IGT is a good faith purchaser for value and, as such, is entitled to all of the protections afforded under 11 U.S.C. § 363(m) and any other applicable or similar bankruptcy and non-bankruptcy law. IGT will be acting in good faith within the meaning of 11 U.S.C. § 363(m) in closing the transactions contemplated by the APA and authorized by this Order.

5. The sale to IGT will be a legal, valid, and effective sale, and will vest IGT with all right, title, and interest of LFG in and to the assets sold pursuant to the APA free and clear of any and all liens, claims, interests and encumbrances;

6. IGT shall not be liable for any claims against LFG or any of its predecessors or affiliates, and IGT shall have no successor or vicarious liabilities of any kind or character, (including without limitation any products liability claims with respect to the assets sold under the APA) whether known or unknown, now existing or hereafter arising, whether fixed or contingent, with respect to LFG or its business or the assets sold pursuant to the APA.

7. This Order will be construed and constitute for any and all purposes a full and complete general assignment, conveyance and sale to IGT or a bill of sale transferring good and marketable title in the assets sold pursuant to the APA to IGT.

8. The consideration provided by IGT for the assets sold pursuant to the APA under the ABA and this Order shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

9. Under no circumstances shall IGT be deemed a successor of or to LFG for any interest or encumbrances against or in LFG or the assets sold pursuant to the APA of any kind

4

or nature whatsoever.

10. This Court shall retain jurisdiction to enforce and implement the terms and provisions of this Order.

11. In accordance with F.R.Bankr.P. 6004(f)(2) the appropriate LFG representatives are authorized to execute such documentation as may be required to consummate the Asset Purchase Agreement.

12. The provisions of this Order are nonseverable and mutually dependent.

Submitted by:

**HARTMAN & HARTMAN**

/S/ Jeffrey L. Hartman
Jeffrey L. Hartman
Attorney for Debtor


**LAW OFFICES OF AMY N. TIRRE, APC**

/S/ Amy N. Tirre
Amy N. Tirre, Esq. Attorney
for Macquarie US Trading, LLC,
as Prepetition Agent for lender
MIHI, LLC


**LEWIS ROCA ROTHGERBER CHRISTIE, LLP**

/S/Robert M. Charles
Robert M. Charles, Jr. Esq.
Attorney for IGT

######

**ALTERNATIVE METHOD Re: RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

\_\_\_\_\_  The court has waived the requirement set forth in LR 9021(b)(1).

\_\_\_\_\_  No party appeared at the hearing or filed an objection to the paper.

  X    I have delivered a copy of the proposed order to all counsel who appeared at the hearing, any trustee appointed in this case and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond as indicated below.

*Debtor's Counsel:*

  X    Prepared / Approved the form of this order

\_\_\_\_\_  Waived the right to review the order and/or

\_\_\_\_\_  Appeared at the hearing, waived the right to review the order

\_\_\_\_\_  Matter unopposed, did not appear at the hearing, waived the right to review the order

\_\_\_\_\_  Disapproved the form of this order

\_\_\_\_\_  Did not respond to the paper

*Trustee:*

\_\_\_\_\_  Approved the form of this order

\_\_\_\_\_  Disapproved the form of this order

\_\_\_\_\_  Waived the right to review the order and/or

\_\_\_\_\_  Did not respond to the paper

\_\_\_\_\_  Did not appear at the hearing or object to the paper

\_\_\_\_\_  I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

Submitted by:

**HARTMAN & HARTMAN**

/S/ Jeffrey L. Hartman
Jeffrey L. Hartman